277 P.2d 814

Carl **STURDAVANT**, Appellant,

v.

Kenneth **COVINGTON**, Respondent.

No. 8132.

Supreme Court of Utah.

Dec. 14, 1954.

Rawlings, Wallace, Roberts & Black, Salt Lake City, for appellant.

Stewart, Cannon & Hanson, Edward M. Garrett, Salt Lake City, for respondent.

WORTHEN, Justice.

Action by the appellant to recover damages allegedly sustained by him in an automobile accident with the respondent. The respondent counterclaimed for damages to his automobile. A jury returned a verdict of "no cause of action" on both the complaint and the counterclaim. From this judgment the appellant appeals contending (1) that the respondent was negligent as a matter of law, which negligence proximately caused the accident, and (2) that as a matter of law, appellant was free from contributory negligence.

The collision occurred on Main Street in American Fork, Utah, on November 17, 1951, approximately 60 feet east of the intersection of Main Street with Center Street. Main Street is the main artery through that town, running in an east-west direction; Center Street runs north and south. Main Street is marked for four driving lanes (two lanes for traffic in each direction) and a lane for parking next to the curb on each side of the street.

Appellant was driving east on Main Street in the inside driving lane; respondent was driving in the same direction about 100 feet behind him in the outside lane. As the appellant neared the intersection of Main and Center Streets, he pulled over into the outside lane in front of respondent and stopped at the intersection for the semaphore. By the time respondent reached the intersection the semaphore light had turned green and he proceeded east through the intersection about 16 feet behind appellant. When appellant reached a point 60 feet east of the intersection, he suddenly stopped to avoid striking a dog in the street. Respondent applied his brakes but could not avoid crashing into the rear of appellant's automobile.

Appellant testified that as the semaphore light turned green a small dog ran out into the intersection and proceeded ahead of his automobile; that he followed the dog at a speed of not more than 6 m. p. h., honking at the dog; that at a point 130 feet east of the point where he had stopped for the semaphore, the dog suddenly stopped; that his window was rolled up and he had no opportunity to signal a stop; that he applied his brakes to stop and the respondent crashed into him.

The trial court submitted to the jury the issues of negligence of the respondent and contributory negligence of appellant. The jury denied damages to both parties, apparently finding them both guilty of negligence proximately contributing to the accident. Appellant asserts that as a matter of law the respondent was negligent in following too closely behind him and that he was free from actionable negligence in stopping without giving a signal because he was confronted with an emergency.

Assuming that appellant is correct in his contention that respondent was negligent as a matter of law in following too closely behind him, we think that a jury could reasonably find appellant contribu-

torily negligent. Despite his argument that his sudden stop without signal was precipitated by an emergency, there is evidence that the emergency was partly of his own making. By his own testimony, he realized from the time he started up at the intersection that he might have to stop to avoid striking the dog and yet he did not give or prepare to give any signal of a contemplated stop. For a distance of 130 feet he drove with the dog running ahead of him only a few feet, reasonably knowing that the dog would probably be obscured from the vision of anyone following. A conclusion by the jury that the appellant led himself into a situation where he would have to make an emergency stop without opportunity to signal would not be unreasonable under these facts. While we recogize some force in appellant's argument that because he was traveling very slowly after he started up from the intersection the respondent should have known that it was likely that appellant might stop, we do not think that fact can absolve appellant from contributory negligence as a matter of law.

Having concluded that a jury question was presented as to the contributory negligence of appellant, and the jury by their verdict having found him contributorily negligent, it follows that the appellant was not entitled to recover even though, as he contends, the respondent was negligent as a matter of law in following too closely behind.

The judgment below is affirmed. Costs to respondent.

McDONOUGH, C. J., and CROCKETT, HENRIOD, and WADE, JJ., concur.